SUMMARY ORDER
THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.
At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of April, two thousand and three.
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
Albert Peia, pro se, appeals from an order of the United States District Court for the District of Connecticut (Peter C. Dorsey, Judge), dismissing his claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act (“RICO”), 18 U.S.C. §§ 1961 et seq., and the Federal Tort Claims Act (“FCTA”), 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, the United States Bankruptcy Court for the District of Connecticut, bankruptcy trustee Richard Coan, and fifteen John Doe defendants. We affirm.
Peia filed a complaint in the district court in December 2000, alleging the existence of a broad conspiracy to defraud bankruptcy creditors and debtors by theft of surplus funds generated by bankruptcy sales, and to launder drug money through Trump casinos. According to Peia, that conspiracy involved, inter alia, the illegal removal of documents from court files of bankruptcy proceedings that he instituted, false statements by Bankruptcy Judge Alan Shiff, and intentional delays in the processing of Peia’s bankruptcy claims, all of which resulted in adverse judgments against him. Peia also alleged that defendant Coan, who had been appointed as bankruptcy trustee for Peia’s estate, failed to fulfill his fiduciary obligations and was responsible for the theft of surplus funds from the sale of the assets of Peia’s estate.
The United States (on behalf of itself and the Bankruptcy Court) moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Coan moved to dismiss pursuant to Fed. R.Civ.P. 12(b)(1). The district court granted the United States’s motion to dismiss on the grounds that (1) all RICO and FTCA claims against the United states, except for those based on the conduct of Judges Matz and Shiff, were barred by the statutes of limitations of those acts; (2) Peia’s claims against the United States, except for those against Judge Matz, were barred by res judicata; (3) any claims against the Bankruptcy Court or the United States based upon the actions of judges in their judicial capacity were foreclosed by judicial immunity; and (4) the United States was not a proper defendant in a RICO action.
With respect to Coan’s motion, the district court found that Peia was required to *396 obtain leave from the court that appointed Coan as his bankruptcy trustee prior to suing Coan in his capacity as trustee, pursuant to Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881) (holding that a plaintiff must obtain leave from the bankruptcy court prior to suing a bankruptcy trustee for acts within the scope of his official duties), and that Peia had failed to obtain the necessary permission. See also Lebovits v. Scheffel (In re Lehal Realty), 101 F.3d 272, 276 (2d Cir.1996).
We review a district court’s grant of a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) de novo, accepting the allegations contained in the complaint as true and making all inferences in favor of the non-moving party. See King v. American Airlines, Inc., 284 F.3d 352, 356 (2d Cir.2002). We affirm the district court’s order granting the United States’ motion to dismiss. As the district court found, Peia’s RICO and FTCA claims are barred by res judicata, except to the extent that Peia’s claims are based on acts by Judge Matz. In addition, to the extent that Peia asserts claims against Judges Matz and Shiff, those claims were properly dismissed under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (internal citations omitted) (recognizing that judges are immune from suit for all actions taken in their official capacity, and that judicial immunity “is not overcome by bad faith or malice”).
We also affirm the district court’s order dismissing Peia’s claims against Coan because Peia failed to obtain the permission of the appointing court prior to suing Coan in his capacity as bankruptcy trustee. See Lebovits, 101 F.3d at 276. To the extent that Peia asserts various RICO claims against Coan alleging acts that could not have been committed in Coan’s capacity as trustee, those claims are barred by res judicata.
We have considered appellant’s other arguments and find them to be without merit. Accordingly, the decision of the district court is AFFIRMED.